**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PHYSICIANS WELLNESS GROUP,** | § | |
| **INC., and ZAREOU** | § | |
| **MANUFACTURING USA, INC. d/b/a** | § | |
| **ZAREOU MANUFACTURING,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| *v.* | § | **CIVIL ACTION NO. 4:22-cv-597** |
| | § | |
| **MOONI, LLC d/b/a MOONI, LTD.,** | § | |
| **MOONI USA, LLC, JAKE MICHEL,** | § | |
| **and THE PERRY LAW FIRM APLC,** | § | |
| *Defendants.* | § | |

## DEFENDANTS MOONI USA, LLC AND JAKE MICHEL'S TRIAL BRIEF

COME NOW Defendants Mooni USA, LLC and Jake Michel (collectively, "Defendants")

and submit this Trial Brief in accordance with the Court's October 2, 2024 Order Setting Forth

Pretrial Instructions [Doc. 136]. Defendants aver that the following law, including the elements of

the claims and defenses raised in this lawsuit, applicable to the facts of this case are as follows:

## I. PLAINTIFF'S AFFIRMATIVE CLAIMS

### A. Fraud and Fraudulent Inducement

1.      The elements for **common law fraud** are: "(1) a material misrepresentation; (2)

that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with

the intention that it should be acted upon by another party; (5) relied upon by the other party, and

(6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d

200, 212 (5th Cir. 2009) (citations omitted). An allegation of fraud is insufficient when a plaintiff

fails to allege the date of the alleged representation. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 522

n.7 (5th Cir. 1993) (citing *Decker v. Massey-Ferguson,* 681 F.2d 111, 117 (2d Cir.

1982) (allegation that fraudulent took place in the "fall of 1977" insufficient); *Moore v. Payson Petroleum Grayson, LLC*, No. 3:17-CV-1436-M-BH, 2018 U.S. Dist. LEXIS 21622, at *20 (N.D. Tex. 2018) (citing *U.S. ex rel. King v. Alcon Labs., Inc.*, 232 F.R.D. 568, 570-72 (N.D. Tex. 2005) (dismissing fraud claim because the plaintiff "fail[ed] to identify a single specific date on which a false claim was made")). Texas Federal Courts have dismissed fraud claims holding that the allegations were insufficient when the plaintiff alleged fraudulent representations that occurred in "October" and "mid-April 2014." *Franco v. U.S. Bank Nat'l Ass'n*, No. SA-14-CV-636-XR, 2014 U.S. Dist. LEXIS 159929, at *6-7 (W.D. Tex. 2014).

2.      Texas courts consistently hold that "[v]ague representations cannot constitute a material representation actionable under our laws." *LaPree v. LaPree*, No. 03-20-00465-CV, 2022 Tex. App. LEXIS 1325, at *18 (Tex. App.—Austin Feb. 24, 2022, no pet.) (citations omitted). Statements that are inherently vague and ambiguous cannot be material. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010). Courts have found that in some contexts "vague representations cannot be material as a matter of law." *Emerald Aero., LLC v. Boeing Co.*, No. 3:22-CV-0717-B, 2022 U.S. Dist. LEXIS 200311, at *25 (N.D. Tex. 2022) (citations omitted). A statement of fact makes "a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Schwimmer v. Presidio Indus. LLC*, No. 3:10-CV-2213-P, 2011 U.S. Dist. LEXIS 161754, at *7 (N.D. Tex. 2011) (citations omitted). It is capable of being judged based upon some quantitative measurement. *Id*.

3.      "**Fraudulent inducement** is a subspecies of fraud; 'with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'" *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015). Fraudulent

inducement is "a species of fraud that requires the plaintiff and defendant to have entered into an enforceable contract." *Total Rx Care, LLC v. Great N. Ins. Co.*, No. 3:16-CV-2965-B, 2017 U.S. Dist. LEXIS 110882, at *12 (N.D. Tex. 2017) (citing *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 273 (5th Cir. 2012)).To establish fraudulent inducement, the "elements of fraud must be established as they relate to an agreement between the parties." *Bohnsack*, 668 F.3d at 277 (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). Therefore, "asserting a fraudulent inducement claim against a third party to the contract is inconsistent with Texas case law." *Total Rx Care*, 2017 U.S. Dist. LEXIS 110882, at *12 (citations omitted).

### B. Negligent Misrepresentation

4.     The elements of **negligent misrepresentation** are: (1) the defendant made a representation to plaintiff in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653-54 (Tex. 2018)*; McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

5.     Actual reliance is an element of claims for fraud and negligent misrepresentation. *Simulis, L.L.C. v. GE Capital Corp.*, 439 S.W.3d 571, 576 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citations omitted). "This reliance must be reasonable and justified." *Id.* at 577 (citations omitted); *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 554 (Tex. 2019) ("To prevail on a fraud claim, a plaintiff must prove that it actually and justifiably relied on a factual misrepresentation to its detriment."); *Beauty Medspa v. Fpg the Point Lp*, No. 3:20-CV-3395-S,

2021 U.S. Dist. LEXIS 207563, at *13 (N.D. Tex. 2021) (citing *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) ("The same requirement of justifiable reliance that applies to fraud claims applies to negligent representation."). There cannot be reliance on representations made after a transaction. *New Century Fin.*, 487 F. App'x at 915 (citations omitted).

## II. DEFENDANTS' AFFIRMATIVE DEFENSES

### A. Economic Loss Rule

6.      "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). When "determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Hostingxtreme Ventures, LLC v. Bespoke Grp., LLC*, No. 3:14-CV-1471-M, 2017 U.S. Dist. LEXIS 146618, at *28 (N.D. Tex. 2017) (citing *Stanley Indus. of S. Fla.*, 2006 U.S. Dist. LEXIS 63109, 2006 WL 2432309 at *5 (N.D. Tex. Aug. 18, 2006)).

7.      The Fifth Circuit has held that the economic loss rule bars fraud claims where a plaintiff alleges no damages independent of those suffered as a result of an alleged breach of contract. *See Payne v. Wells Fargo Bank Nat'l Ass'n*, 637 F. App'x 833, 837 (5th Cir. 2016); *Myers v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 45415, 2012 WL 1107687, at *3 (E.D. Tex. 2012) (holding a fraud claim was barred by the economic loss rule where such claim arose solely from the note and deed of trust and would not exist but for the contractual relationship between the parties).

8.      To assert a negligent misrepresentation claim as a matter of law, a party must show an injury independent from the economic loss or subject matter of the contract. *Hostingxtreme*, 2017 U.S. Dist. LEXIS 146618, at *28 (citations omitted); *Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 797 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that a plaintiff cannot bring a claim for negligent misrepresentation unless the plaintiff can show that he suffered an injury that is "distinct, separate, and independent from the economic losses recoverable under a breach of contract claim.") A plaintiff cannot bring a claim for negligent misrepresentation unless the plaintiff can show that he suffered an injury that is "distinct, separate, and independent from the economic losses recoverable under a breach of contract claim." *Id*. at 797.

### B. Contractual Disclaimer

9.      A contractual disclaimer that clearly, specifically, and unequivocally disclaims the plaintiff's reliance on a defendant's representations can negate the element of reliance necessary for a claim of fraudulent inducement. *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462 (Tex. 2022). In determining whether a disclaimer breaks the causal link, Texas courts consider (1) whether the terms of the contract were negotiated, rather than boilerplate, and the parties specifically discussed the disputed issue during negotiations, (2) the plaintiff was represented by competent legal counsel, (3) the parties dealt with each other in an arms-length transaction, (4) the parties were knowledgeable in business matters, and (5) the release language was clear. *Id*. At 473-74. Courts will generally uphold a disclaimer of reliance when parties discuss the material issues of the current dispute during contract negotiations and still elect to include a reliance disclaimer.

## C. Proportionate Responsibility

10.     Chapter 33 of the *Texas Civil Practice and Remedies Code* applies to any cause of action based in tort. *JCW Elecs., Inc. v. Garza*, 257 S.W.2d 701, 704-05 (Tex. 2008). The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, of each claimant, each defendant, and each responsible third party with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought. *See* TEX. CIV. PRAC. & REM. CODE §33.03. Moreover, a claimant may not recover damages if their percentage of responsibility is greater than fifty percent. TEX. CIV. PRAC. & REM. CODE §33.01.

## D. Failure to Mitigate Damages

11.     A plaintiff has a duty to exercise reasonable care in minimizing its damages. *Great Am. Ins. V. Nort Austin MUD*, 908 S.W.2d 415, 426 (Tex. 1995). The plaintiff is required to mitigate its damages if it can do so with slight expense or with reasonable effort. *Gunn Infiniti, Inc. v. O'Byrne*, 966 S.W.2d 854, 857 (Tex. 1999). The duty to mitigate damages arises in both contract and tort actions. *E.L. & Assocs. V. Pabon*, 525 S.W.3d 764, 768 (Tex. App.—Houston [14th Dist.], no pet.). A defendant is not required to prove an exact amount of damages attributable to the plaintiff's conduct (or lack thereof). *Hygeia Dairy Co. v. Gonzalez*, 994 S.W.2d 220, 225 (Tex. App.—San Antonio 199, no pet.).

Respectfully submitted,

**Samuel H. Johnson**
Texas Bar No. 24065507

**JOHNSON FRIEDMAN LAW GROUP PLLC**
16803 Dallas Parkway, Suite 320
Addison, Texas 75001
Phone: 214.382.0300
sam@jfbusinesslaw.com
**ATTORNEY FOR DEFENDANTS MOONI USA, LLC
AND JAKE MICHEL**

## CERTIFICATE OF SERVICE

On January 30, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

**Samuel H. Johnson**